**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KAREN MANZELLA and GUY MCDANIELS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )  No: 2:26 CV 138 |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) <br> ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

This matter is before the court on plaintiffs' motion to remand. (DE # 12.) For the

reasons that follow, the motion is denied.

**I.    BACKGROUND**

On March 27, 2025, plaintiffs Karen Manzella and Guy McDaniels filed suit

against defendant State Farm Fire and Casualty Company in the Porter Superior Court,

in Porter, Indiana, under Cause No. 64D01-2503-CT-003353. (DE # 5.) Plaintiffs'

complaint alleges that, after their residence sustained hail and windstorm damage,

defendant failed to cover the loss, breaching the parties' insurance agreement.

Plaintiffs filed an amended complaint on January 28, 2026. (DE # 7.) In Count II,

plaintiffs allege that it was only after they filed suit against defendant that defendant

issued a revised estimate for plaintiffs' claim, increasing the damage estimate from $0 to

$28,533.01. (DE # 7-1 at 4.) Count II alleges that defendant acted in bad faith and

breached its covenant of good faith and fair dealing. (*Id.* at 9.) It appears that all parties

understood Count II to be requesting treble punitive damages. (*See* DE # 12 at 1; DE # 1 at 4.)[1]

The amended complaint also includes allegations regarding an adjuster, Coastal Claims, retained by plaintiffs to dispute defendant's estimate of $0 damage and to correspond with defendant and try to resolve the dispute prior to litigation. (DE # 7-1 at 3.) Plaintiffs allege that in the spring of 2024, prior to plaintiffs' initiation of the litigation, Coastal Claims provided defendant with inspection results, photo inventory of damages, and Coastal Claims' adjusted estimate. The amended complaint does not identify the specific amount Coastal Claims estimated repairs would cost. However, the amended complaint attached as an exhibit an email correspondence between Coastal Claims and defendant, and it appears that Coastal Claims' estimate was emailed to defendant in 2024. (*See* DE # 1-2 at 76-78.) Coastal Claims estimated $42,910.13 in property damage. (*See* DE # 12-2 at 4.) The plaintiffs claim to have provided another copy of the estimate to defendant during the course of discovery, but do not indicate when this disclosure took place. (DE # 1-2 at 3-4.)

On January 30, 2026, defendant made a settlement offer to plaintiffs. (DE # 12-6 at 2.) On February 15, 2026, plaintiffs' counsel rejected the settlement offer, stating: "My client rejects the settlement offer. It's below even your client's revised estimate after this

---

[1] *See also Tedesco v. State Farm Fire & Cas. Co.*, 599 F. Supp. 3d 750, 760 (N.D. Ind. 2022) ("Indiana law limits punitive damages to the greater of three times the amount of compensatory damages or $50,000." (citing Ind. Code 34-51-3-4)).

lawsuit was filed." (*Id.* at 1.) Defendant claims[2] that on February 25, 2026, plaintiffs' counsel sent defendant's counsel a settlement demand in the amount of $135,000. (DE # 17 at 2.)

On March 26, 2026, defendant removed the action to this court on the basis of diversity jurisdiction. (DE # 1.) In support of the amount-in-controversy requirement, defendant stated that the February 25, 2026, correspondence from plaintiffs' counsel was the first indication that plaintiffs sought to recover more than $75,000. (*Id.* at 3.) Defendant also stated, "[a]dditionally, Plaintiffs' assertion of bad faith invokes treble damages under Indiana law. Accordingly, the amount in controversy exceeds $75,000." (*Id.* at 4.)

Plaintiffs now seek to remand the case to the Porter Superior Court. (DE # 12.) Defendant filed a response. (DE # 17.) Plaintiffs did not file a reply and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d). Accordingly, this matter is now ripe for ruling.

## II.   DISCUSSION

The sole issue before this court is whether defendant removed this action in a timely manner. Plaintiffs claim that defendant was required to remove this matter within 30 days of the filing of plaintiffs' amended complaint because that pleading had sufficient information to put defendant on notice that the amount in controversy

---

[2] Defendant does not include or cite to any evidence of this correspondence, though the lack of support ultimately has no effect on the outcome of plaintiffs' motion.

exceeded $75,000. (DE # 12 at 4.) Specifically, plaintiffs allege that the treble damages on defendant's revised estimate payment alone would be $85,599.03. (*Id.* at 3.) Plaintiffs argue that, at the latest, defendant was on notice that the case was removable as of the February 15, 2026, settlement communication, in which plaintiffs' counsel rejected defendant's settlement offer on the basis that the offer was below defendant's own revised damage estimate. (*See* DE # 12 at 6; DE # 12-6 at 1.) Defendant, on the other hand, maintains that its removal was timely as it was made within 30 days of plaintiffs' February 25, 2026, settlement demand, which it claims was the first time plaintiffs unambiguously indicated that they seek more than $75,000 in damages. (DE # 17 at 2.)

Unless Congress provides otherwise, a state claim can be removed to federal court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Defendant's notice of removal asserts federal jurisdiction under 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). While there are substantive and procedural requirements to establish diversity jurisdiction under § 1332(a), here the parties only dispute whether the procedural requirements have been met.

4

Section 1446(b) "includes two different 30-day time limits for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013).[3] Ordinarily, a notice of removal must be filed in federal court within 30 days after the defendant receives service of the state court complaint. 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Seventh Circuit has established a bright-line rule regarding the type of information sufficient to trigger the 30-day removal clock. "The 30–day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought." *Walker*, 727 F.3d at 824. This rule "promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.*

---

[3] "In addition to the 30–day time limits, diversity cases must be removed within '1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.' " *Walker*, 727 F.3d at 823 n.3 (quoting 28 U.S.C. § 1446(c)(1)).

One relevant wrinkle in the triggering of the removal clock is that Indiana prohibits plaintiffs from praying for a specific amount of damages in the complaint. *Id.* at 824 n.4 (citing Ind. R. Tr. P. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand."). Accordingly, plaintiffs' original and amended complaints did not contain a specific monetary amount in their prayer for relief. The Seventh Circuit in *Walker* acknowledged this complication, and noted that discovery is a common tool for determining whether the amount-in-controversy minimum is met. *Id.*

Turning to the removal in this case, neither plaintiffs' amended complaint nor their February 15, 2026, response to defendant's settlement demand "specifically disclose[d] the amount of monetary damages sought," as required by *Walker*. Plaintiffs' arguments that removal was untimely rely on the assumption that plaintiffs in fact sought treble punitive damages. This is precisely the type of guesswork and assumption-making the Seventh Circuit sought to avoid in crafting the bright-line rule. *See id.* at 824.

Moreover, in *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 698–99 (7th Cir. 2022), the Seventh Circuit found it unreasonable to conclude that the defendant should have assumed that the amount in controversy threshold was met based off of a calculation of the alleged actual damages plus the maximum allowable punitive damages award under state law. "[T]he punitive damages statute Rock Hemp cites sets a ceiling, not a floor, for punitive damage awards in Wisconsin and therefore does not affirmatively

6

and unambiguously reveal that the predicates for removal are present." *Id.* at 699 (cleaned up). Just so, in this case.

The court notes that while the defendant did appear to understand plaintiffs to be requesting treble damages (*see* defendant's petition for removal), the Seventh Circuit has cautioned courts not to conflate a defendant's actual knowledge with the notice required to trigger the 30-day removal window. The question of whether the case is substantively appropriate for removal is distinct from the timeliness question. *See Walker*, 727 F.3d at 825 ("[T]he timeliness inquiry is limited to the examining contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." (Emphasis in original)). A defendant may remove a case based on calculations and estimates from the complaint (and it will be defendant's burden to prove the amount-in-controversy, if challenged), *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006), but those same calculations and estimates do not trigger the 30-day removal window. *See Walker*, 727 F.3d at 825-6 (where defendant based notice of removal on its own estimate of amount in controversy after plaintiff introduced new theory of damages, removal clock never started to run; communications cited by plaintiff did not "affirmatively specify a damages figure").

Because neither the amended complaint, nor the February 15, 2026, settlement correspondence "affirmatively and unambiguously" revealed that the amount in

controversy requirement was satisfied, those documents did not trigger defendant's 30-

day window for removal and plaintiffs' motion for remand must be denied.

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiffs' motion to remand.

(DE # 12.)

**SO ORDERED.**

Date: August 10, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT